UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Jason Prom,<br><br>　　　　　Defendant. | No. 2:16-cr-00134-KJM<br><br>ORDER |

　　　Defendant Jason Prom moves for compassionate release under 18 U.S.C. § 3582. The government opposes, disputing that Mr. Prom has satisfied the exhaustion requirement of § 3582(c)(1). For the following reasons, the court **denies** the motion.

　　　A grand jury indicted Mr. Prom on conspiracy to commit a federal offense in violation of 18 U.S.C. § 371 (count one), dealing firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) (count two), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (counts eight through nineteen). Indictment at 1, 4 & 6, ECF No. 16. Mr. Prom pled guilty to counts one, two, and fourteen of the Indictment. Plea Agreement, ECF No. 163. This court sentenced Mr. Prom to 144 months' imprisonment to be followed by a 36-month term of supervised release, and imposed a $300 special assessment. J. & Commitment at 2–6, ECF No. 230. Mr. Prom is currently serving his sentence at USP Lompoc and, with application of

/////

good time credits, he has a projected release date of September 20, 2026.  BOP Public Information Inmate Data at 3, Opp'n Ex. 1, ECF No. 381-1.

Mr. Prom moved for compassionate release, claiming his medical conditions, namely seizures, tuberculosis and asthma, place him at high risk for serious COVID-19 symptoms.  Mot. at 4, ECF No. 364.[1]  After Mr. Prom filed his *pro se* motion for compassionate release, the court appointed counsel.  Minute Order, ECF No. 366.  Mr. Prom's appointed counsel did not supplement Mr. Prom's handwritten *pro se* motion, indicating rather that Mr. Prom intended to stand on his *pro se* motion as filed.  Notice, ECF No. 375.  The government opposed.  Opp'n, ECF No. 381.  Mr. Prom did not reply.

The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.[2]  Under the statute, a court may grant a defendant's motion to reduce his prison term, provided the defendant first satisfies an exhaustion requirement. 18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).  Generally, exhaustion requires defendant to seek compassionate release with the Bureau of Prisons ("BOP") and exhaust all appeals, or show that at least 30 days have lapsed and BOP has failed to respond to defendant's request, whichever is earlier.  *United States v. Bradley*, No. 2:14-00293, 2020 WL 3802794, at *3 (E.D. Cal. July 7, 2020).

Mr. Prom claims he exhausted his administrative remedies "by seeking compassionate release through the Warden at FCI Lompoc" and waiting more than thirty days for a decision. Mot. at 3.  The government insists the BOP has no record showing Mr. Prom submitted a "proper request."  Opp'n at 4.  Although the government acknowledges Mr. Prom submitted an email to the Lompoc Warden in which he sought compassionate release, that one-line email "was not . . .

---

[1] The court grants the government's requests to file exhibit 2 (Mr. Prom's medical records) under seal to protect his private medical information.  *See Chester v. King*, No. 1:16-01257, 2019 WL 5420213, at *2, 2019 U.S. Dist. LEXIS 154413, at *5 (E.D. Cal. Oct. 23, 2019) ("This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records.").

[2] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

a properly submitted request . . . in accordance with BOP Program Statement 5050.50 § 571.61." Opp'n at 9. For exhaustion to be satisfied, the movant must have submitted a compliant administrative request. *See United States v. Tafoya-Ramos*, No. 1:15-02886, 2020 WL 7425341, at *3 (E.D. Cal. Dec. 18, 2020) ("[A]dministrative requests for release must include '[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.'" (quoting 28 C.F.R. § 571.61(a)(2)).

It is clear from the government's briefing that Mr. Prom submitted some form of request for compassionate release. Without a copy of Mr. Prom's email, however, or any other information to put any request he made in context, the court is unable to determine whether the email complied with the administrative requirements or was deficient as the government argues.

The court finds Mr. Prom has not exhausted his administrative remedies, given that it is his burden to demonstrate exhaustion, *Tafoya-Ramos*, 2020 WL 7425341, at *2, and he does not submit any evidence of a proper administrative request, *cf. United States v. Head*, No. 2:08-00093, 2020 WL 3180149, at *3 (E.D. Cal. June 15, 2020), *as amended* (July 1, 2020) (finding exhaustion where record included information showing defendant attached email he sent to Warden requesting compassionate release); *United States v. Sanders*, 13-00312, 2021 WL 78869, *2 (E.D. Cal. Jan. 6, 2021) (court "may credit a defendant's sworn declaration that he filed such requests with the Warden, especially where the Government does not bring forth any evidence to dispute or contradict [the defendant]'s sworn Declaration." (citations omitted)).

Accordingly, the court **denies** his motion without prejudice.

The court **grants** the government's request to seal medical records.

This order resolves ECF Nos. 364, 382.

IT IS SO ORDERED.

DATED: March 23, 2021.

CHIEF UNITED STATES DISTRICT JUDGE

3